IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROHDE & LIESENFELD CANADA INC. § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SPG DRY COOLING USA, LLC § <br> *Defendant*, § <br> § <br> and § <br> § <br> CHINESE-POLISH JOINT STOCK § <br> SHIPPING COMPANY § <br> *Garnishees*. § | C.A. No. 4:21-cv-725 <br><br> Admiralty 9(h) |

**ROHDE & LIESENFELD CANADA INC.'S VERIFIED ORIGINAL COMPLAINT**

COMES NOW Plaintiff, Rohde & Liesenfeld Canada Inc. ("R&L"), and files this, its Verified Original Complaint, against Defendant, SPG Dry Cooling USA, LLC ("SPG"), and Garnishees, Chinese-Polish Joint Stock Shipping Company ("CPJSSC"), and would respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 because it involves a claim for breach of certain maritime contracts, *i.e.*, Purchase Orders relating to the international ocean carriage of SPG's goods. The claims herein are brought under Rule B to the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Rule B").

2. Venue is properly situated in this District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, SPG has, or will soon have, property within this District that may be attached through the process of maritime attachment and garnishment pursuant to Rule B, *i.e.*, various cargoes, which may presently be in the care, custody, and control of Garnishee CPJSSC.

## PARTIES

3.     At all material times, R&L was, and still is, an entity organized and existing under the laws of Canada with an address at 1095 West Pender Street, Suite 1130, Vancouver, BC V6E 2M6, Canada.  At all material times, R&L and SPG were parties to contracts referred to herein as Purchase Orders under which R&L provided various freight forwarding services to SPG.

4.     At all material times, SPG was, and still is, an entity organized and existing under the laws of New Jersey, with, upon information and belief, a place of business in Bridgewater, New Jersey.

5.     SPG cannot be found within this District within the meaning of Rule B (*see* Affidavit of Sue Unger, attached hereto as **Exhibit A**), but as alleged herein and upon information and belief, has, or will have during the pendency of this action, accounts and property in this District.

6.     Upon information and belief, at all material times, CPJSSC was, and still is, an entity organized and existing under the laws of the People's Republic of China, with a principal place of business in Shanghai, China.

## FACTS

7.     This is an action to obtain jurisdiction over SPG and security for R&L's claims and that arise out of breaches of Purchase Orders.  True and correct copies of the documents constituting the Purchase Orders are attached hereto as **Exhibit B**.

8.     Under the Purchase Orders, SPG was obligated to pay R&L for various freight forwarding services that R&L performed on behalf of SPG relating to the international carriage of SPG's goods by water.

9.     SPG received and accepted R&L's services under the Purchase Orders, and R&L invoiced SPG for the services provide under the Purchase Orders.

10. Notwithstanding being invoiced for the services provide under the Purchase Orders as well as due demand for payment of all outstanding invoices, SPG has failed to pay R&L's invoices. True and correct copies of R&L's outstanding invoices are attached hereto as **Exhibit C**.

11. As of the date of filing this Verified Original Complaint, SPG owes R&L at least $687,482.00, exclusive of interest, costs, disbursements, and reasonable attorney's fees.

12. R&L brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their representative interests may ultimately appear.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13. R&L repeats and realleges each and every allegation set forth in Paragraphs 1 through 12 of this Verified Original Complaint as if set forth herein at length.

14. At all material times, R&L fully performed its obligations as set forth in the Purchase Orders.

15. SPG had and has a contractual obligation to pay for R&L's services provided under the Purchase Orders, which were duly invoiced by R&L.

16. SPG has failed to pay for these services reflected in R&L's outstanding invoices despite R&L's demands. SPG's failure amounts to breaches of contract.

17. By reason of the foregoing, R&L has suffered damages in the amount of $687,482.00 together with interest, costs, disbursements, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT

18. R&L repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 of this Verified Original Complaint as if set forth herein at length.

19. R&L provided and made available valuable services to SPG based upon its promise to pay for the same and which R&L performed in good faith.

20. SPG accepted and benefited from these services provided to it by R&L.

21. SPG knew that R&L expected to be paid for such services and payments.

22. Nevertheless, SPG failed to pay and continues to refuse to reimburse R&L for the valuable services provided to and accepted by SPG.

23. Accordingly, R&L has suffered damages and SPG should be required to pay R&L the reasonable value of the services that it provided to SPG, together with interest, costs, disbursements, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

24. R&L repeats and realleges each and every allegation set forth in Paragraphs 1 through 23 of this Verified Original Complaint as if set forth herein at length.

25. R&L provided and made available valuable services to SPG based upon its promise to pay for the same and in reliance upon SPG's commitment to pay charges.

26. SPG received the benefit of R&L's services and was enriched at the expense of R&L.

27. SPG has not reimbursed R&L for the services that it duly accepted and received from R&L.  It is against equity and good conscience to permit SPG to retain the benefit of R&L's services without payment to R&L.

28. Accordingly, SPG has been unjustly enriched at the expense of R&L and should be required to pay R&L the reasonable value of the amount that SPG was unjustly enriched, together with interest, costs, disbursements, and reasonable attorney's fees.

## APPLICATION FOR RULE B RELIEF

29. R&L repeats and realleges each and every allegation set forth in Paragraphs 1 through 28 of this Verified Original Complaint as if set forth herein at length.

30. The requirements of Rule B are met. First, R&L has a valid maritime claim against SPG, *i.e.*, a claim for breach of the aforementioned Purchase Orders. The Purchase Orders are maritime contracts because the services provided thereunder primarily relate to the carriage by water of SPG's goods from foreign destinations to the United States.

31. Second, SPG cannot be found within the District. *See* Exhibit A.

32. Third, upon information and belief, SPG has, or soon will have, property located within the District. Presently there are goods, which upon information and belief are owned by SPG, aboard the M/V CHIPOLBROK MOON, which is estimated to arrive at the Port of Houston, Texas on March 8, 2021. These goods are presently in the care, custody, and control of CPJSSC while onboard the M/V CHIPOLBROK MOON.

33. Fourth, there is no statutory bar to recovery.

34. Accordingly, R&L seeks jurisdiction over SPG through attachment of its property within this District pursuant to the process of maritime attachment and garnishment to be issued against such property pursuant to Rule B in order to secure its claims for breach of the aforementioned Purchase Orders.

**WHEREFORE, PREMISES CONSIDERED**, Rohde & Liesenfeld Canada Inc. prays:

A. That process in due form of law according to the practice of this Honorable Court issue against Defendant, SPG Dry Cooling USA, LLC, and Garnishee, Chinese-Polish Joint Stock Shipping Company, citing them to appear and answer all and singular the matters aforesaid;

B. That upon hearing before this Honorable Court, process in due form of law according to the rules of practice of this Court in cases of admiralty and maritime jurisdiction issue to attach and seize SPG Dry Cooling USA, LLC's property, goods, chattels, credits and/or effects located within the District;

C. That as soon as practical following the attachment and/or seizure of SPG Dry Cooling USA, LLC's property, goods, chattels, credits and/or effects herein, a further hearing be held by this Court to hear any objections SPG Dry Cooling USA, LLC may have to the attachments and/or seizures herein;

D. That a judgment be entered in favor of Rohde & Liesenfeld Canada Inc. in the amount of its claims, together with interest, costs and reasonable attorneys' fees incurred by Rohde & Liesenfeld Canada Inc., and that a decree of condemnation issue against the property of SPG Dry Cooling USA, LLC for the amount of Rohde & Liesenfeld Canada Inc.'s claims, with interest, reasonable attorneys' fees and costs; and

E. That Rohde & Liesenfeld Canada Inc. may have such other and further relief as the justice of this cause may require.

Respectfully submitted:

By: */s/ Richard A. Branca*
Richard A. Branca
Federal I.D. 828076
Texas Bar No. 24067177
richard.branca@roystonlaw.com
Blake E. Bachtel
Federal I.D. No. 3479533
State Bar No. 24116055
blake.bachtel@roystonlaw.com
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PLAINTIFF
ROHDE & LIESENFELD CANADA INC.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROHDE & LIESENFELD CANADA INC. § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| SPG DRY COOLING USA, LLC § | C.A. No. | 4:21-cv-00725 |
| *Defendant*, § | | |
| § | Admiralty 9(h) | |
| and § | | |
| § | | |
| CHINESE-POLISH JOINT STOCK § | | |
| SHIPPING COMPANY § | | |
| *Garnishees*. § | | |

## UNSWORN DECLARATION IN LIEU OF VERIFICATION

This Declaration is presented pursuant to 28 U.S.C. § 1746, which provides for the admission of a declaration as proper evidence. I, Michael Rasmussen, declare as follows:

1. My name is Michael Rasmussen and I am over 18 years of age, of sound mind, capable of making this Unsworn Declaration in Lieu of Verification.

2. I am the Managing Partner of Plaintiff Rohde & Liesenfeld Canada Inc. ("R&L") and, as such, am authorized to make this Unsworn Declaration in Lieu of Verification on behalf of R&L.

3. I have read the accompanying Verified Original Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on March 5, 2021.

_____
Michael Rasmussen